HALLI B. HESTON, Bar No. 90737
RICHARD G. HESTON, Bar No. 90738
BENJAMIN R. HESTON, Bar No. 297798
HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Tel: (951) 290-2827
Fax: (949) 222-1043
ben@hestonlaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re; <br><br> MIHAI BEJEREA, <br><br> Debtor. | Case No: 6:19-bk-19925-MH <br><br> Chapter 7 <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND SCHEDULES A/B AND C AND STATEMENT OF FINANCIAL AFFAIRS** <br><br> [No Hearing Unless Ordered by Court] |

TO ALL INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that the Debtor moves the Court for an order granting leave to amend Schedules A/B and C and the Statement of Financial Affairs on the grounds set forth in the attached motion.

Pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the granting of such an order may file and serve a written objection and request a hearing on this motion. If you fail to file a written response within fourteen (14) days of the date of service of this notice plus three (3)

days for mailing, the court may treat such failure as a waiver of your right to oppose this motion and may grant the relief requested herein.

## STATEMENT OF FACTS

1. Debtor commenced this voluntary Chapter 7 case on November 11, 2019.

2. At the time the Petition was filed, Debtor had two potential causes of action, only one of which was listed on the Petition simply due to a miscommunication between Debtor and his Counsel.

3. The cause of action listed on the Petition under Schedule A/B, item #34, was "Potential 42 U.S.C. §1983 Claim against Perris Police Department and/or Riverside County Sheriff for negligence relating to a home invasion" and was given a value of $10,000 which was exempted in full under CCP §703.140(b)(5).

4. The other cause of action that Debtor now seeks to list and claim as exempt is the result of an auto accident that occurred in April of 2019 in which Debtor was not at fault and was injured. The approximate amount of the settlement will be approximately $25,000. The claim is fully exempt pursuant to California Code of Civil Procedure §703.140(b)(11)(D) which is capped at $29,275

5. In preparing Debtor's Schedules and Statements, Counsel inadvertently conflated the two causes of action and only listed the potential Section 1983 claim. This was due to the fact that there were similarities in the underlying facts of the two claims and also in part due to a language barrier between Debtor and Counsel. Debtor was also unaware of the omission when reviewing the documents that were subsequently filed with the Court.

6. It was not until the attorney representing the Debtor in the auto accident case, Anthony Modarelli, discovered the Chapter 7 case and the fact that the claim was not listed on the Debtor's Petition or subsequent amendments that Debtor and Counsel became aware of the omission.

7. Although the claim was disclosed in a profit and loss statement that was provided to the Trustee, this was not sufficient to fully apprise the Trustee of the nature and value of the claim. Attached hereto and incorporated herein as Exhibit A is a true and correct copy of a profit and loss statement that was provided to the Chapter 7 trustee which indicates that Debtor was involved in an auto accident in April of 2019.

## POINTS AND AUTHORITIES

### I.

### THE OMMITED CLAIM WAS THE RESULT OF EXCUSABLE NEGLECT AND NOT BAD FAITH

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), a debtor may freely amend their schedules "at any time before the case is closed". FRBP 1009(a). When a debtor seeks to amend their schedules after the case is closed, then Federal Rule of Bankruptcy Procedure 9006 dictates that the debtor must seek leave to file any amendments to their schedules, rather than being able to do so freely, and the debtor must show that the failure to amend prior to the deadline set by FRBP 1009(a) was due to "excusable neglect". FRBP 9006(b).

Here, the failure to list the cause of action that Debtor now seeks to amend to include in his Schedules was due to a simple miscommunication between the Debtor and his Counsel. The two events giving rise to the two causes of action were very different in nature, but both shared the similar facts that injuries were sustained and law enforcement become involved to some degree. In part due to these similarities and also in part due to a language barrier, these two claims were conflated and listed together as the Section 1983 claim. Courts have held that a language barrier is sufficient to support an assertion of excusable neglect. See United States v. Reyna-Gonzalez, No. CR-S-2:11-CR-00007-KJD -VCF (D. Nev. Jan. 9, 2012) ("*It appears that the language barrier between Defendant and his attorney may have affected his ability to properly express his desire to*

3

*file an appeal. Based on all of the factors enumerated above, the Court finds that excusable neglect has been demonstrated.*")

The question of good faith or excusable neglect is no doubt apparent here – it was not until the Defendant in the Accident Claim was ready to settle that they discovered this bankruptcy case and made the Debtor aware that the settlement could not be paid out to him given that the unlisted asset was not abandoned to the Debtor. Had the parties in the auto accident case not discover the bankruptcy, this claim would have "gone under the radar". However, as indicated above, the Debtor made the innocent mistake of being under the impression that the claim had indeed been scheduled. Further, during the Trustee's investigation into the affairs of the Debtor, the Debtor produced documents clearly stating that there had been a recent auto accident in which the Debtor suffered injuries. See Exhibit A – "***Note** – In May 2018 I was a victim of crime and April 2019, I was involved in a car accident. Outside Labor has increased due to my injuries. I had to outsource much of my work. I am not able to perform my job like I did in the past.*" So while the asset was not formally listed on the Schedules, it was informally disclosed to the Trustee.

WHEREFORE, the Debtor respectfully respects that he be granted leave to amend his Schedules A/B and C to disclose and exempt the Accident Claim and Statement of Financial Affairs to disclose the pending lawsuit.

Heston & Heston
Attorneys at Law

Dated: December 10, 2020

Benjamin R. Heston,
Attorney for Debtor

4

# DECLARATION OF MIHAI BEJEREA

I, Mihai Bejerea, declare as follows:

1. I am the Debtor in this bankruptcy case that was filed on November 11, 2019

2. At the time the Petition was filed, I had two potential causes of action, only one of which was listed on the Petition due to a miscommunication between myself and my attorney, Benjamin Heston.

3. The cause of action that I did list on the Petition under Schedule B, item #34, was "Potential 42 U.S.C. §1983 Claim against Perris Police Department and/or Riverside County Sheriff for negligence relating to a home invasion" which I estimated had a value of $10,000.

4. The other cause of action that was not listed was a claim resulting from an auto accident that occurred in April of 2019 which I was not at fault and was injured.

5. In preparing and reviewing my Schedules and Statements, I was unaware that the cause of action was not listed because I believed that item #34 included both claims.

6. During the case, the Trustee requested profit and loss statements which I provided to the Trustee. On the front sheet of one profit and loss statement, I had made a note stating "**Note** – In May 2018 I was a victim of crime and April 2019, I was involved in a car accident. Outside Labor has increased due to my injuries. I had to outsource much of my work. I am not able to perform my job like I did in the past." A true and correct copy of this profit and loss statement is attached hereto as Exhibit A.

///
///
///
///
///

5

7. After my bankruptcy case was discharged and closed, the attorney who was handling the auto accident claim informed me that there could be an issue with the claim not being listed in the bankruptcy and he contacted Mr. Heston.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 08-10-20

_____
Mihai Bejerea

# EXHIBIT A

# PROFIT & LOSS STATEMENT
January 1, 2019 to November 30, 2019
Art of Marble Inc.

| | |
|---|---|
| Sales & Services | $191,206.28 |
| **Total Revenue** | **$191,206.28** |

Expense

| | |
|---|---|
| Materials & Supplies | $ 74,379.00 |
| Labor / Outside Services | $ 42,500.00 |
| Telephone | $ 2,303.64 |
| Auto Expense | $ 9,205.00 |
| Liability / Business Insurance | $ 1,722.00 |
| Office Expense | $ 708.00 |
| Other Business Expense | $ 32,874.00 |
| Total Expenses | $163,691.64 |

**Net Income**              $27,514.64

*Note – In May 2018 I was a victim of crime and April 2019, I was involved in a car accident. Outside Labor has increased due to my injuries. I had to outsource much of my work. I am not able to perform my job like I did in the past.

I, Mihai Bejerea, certify that the information stated above is true and correct to the best of my knowledge.

Signature _[signature]_     Date _12-17-19_

I, Adina Coca, certify that I examined the records for Mihai Bejerea. The above statements are true and correct to the best of my knowledge.

Signature _[signature]_     Date _12/17/2019_

B & C Tax Service 17291 Irvine Blvd #475 Tustin, CA 92780 Tel (714)713-6931

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND SCHEDULES A/B AND C AND STATEMENT OF FINANCIAL AFFAIRS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/11/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Howard B Grobstein (TR)**     hbgtrustee@gtllp.com
- **United States Trustee (RS)**     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/11/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**
Hon. Mark. D. Houle
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
3420 Twelfth Street, Suite 365 / Courtroom 303
Riverside, CA 92501-3801

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/11/2020 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**